# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-60236
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 16, 2017

Lyle W. Cayce
Clerk

NATIVIDAD RODAS HERNANDEZ,

Petitioner

v.

JEFFERSON B. SESSIONS, III, U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A078 956 807

Before REAVLEY, OWEN, and ELROD, Circuit Judges.

PER CURIAM:*

Natividad Rodas Hernandez, a citizen of Honduras, petitions for review of the decision of the Board of Immigration Appeals (BIA) dismissing her appeal of the decision of the immigration judge (IJ) denying her application for withholding of removal and relief under the Convention Against Torture (CAT). She had argued that she had suffered past persecution based on her membership in a particular social group, defined as "women in Honduras who

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

are unable to leave a relationship," and that she had been tortured by her domestic partner, Ernesto Duron Zelaya, with the acquiescence of Honduran officials.

On appeal, Rodas Hernandez argues that credible, corroborated evidence established that she was a member of the defined group because she was unable to leave Zelaya.  In addition, she contends that the evidence establishes that Zelaya persecuted her based on her membership in that group rather than for reasons of revenge.  With respect to her CAT claim, Rodas Hernandez maintains that she has shown that it is more likely than not she will suffer domestic abuse at Zelaya's hands if she returns to Honduras.  Although Rodas Hernandez challenges the IJ's determination that Honduran officials would not acquiesce in such misconduct, the BIA did not rely on this ruling, and we therefore need not address the allegation.  *See Wang v. Holder*, 293 F.3d 899, 903 (5th Cir. 2002).

We review the BIA's legal conclusions de novo and its findings of fact for substantial evidence.  *Efe v. Ashcroft*, 293 F.3d 899, 903 (5th Cir. 2002).  Under that standard, the applicant must establish that "the evidence is so compelling that no reasonable factfinder could conclude against it."  *Wang*, 569 F.3d at 537.  The petitioner must demonstrate that the evidence compels a contrary conclusion.  *Zhao v. Gonzales*, 404 F.3d 295, 306 (5th Cir. 2005).

An applicant for withholding of removal must establish that it is "more likely than not" that her life or freedom would be threatened by persecution on account of a protected status, including membership in a particular social group.  *Roy v. Ashcroft*, 389 F.3d 132, 138 (5th Cir. 2004).  The evidence presented does not establish that all reasonable factfinders would conclude that Rodas Hernandez was unable to leave her relationship with Zelaya and thus was a member of the defined social group.  *See Wang*, 569 F.3d at 537;

*Roy*, 389 F.3d at 138.  Moreover, even if Rodas Hernandez had established her membership in that group, she has not demonstrated that she was persecuted on account of that membership.  *See Wang*, 569 F.3d at 537; *Zhao*, 404 F.3d at 306.

An individual seeking relief under the CAT must show that it is "more likely than not that [she] will be tortured upon return to [her] homeland" and that there is "sufficient state action involved in that torture." *Tamara-Gomez v. Gonzales*, 447 F.3d 343, 349 (5th Cir. 2006).  Rodas Hernandez has not established that it is more likely than not that she will suffer torture if she is returned to Honduras.  *See Tamara-Gomez*, 447 F.3d at 349; *Zhao*, 404 F.3d at 306; 8 C.F.R. § 208.18(a)(1).

Accordingly, the BIA did not err in dismissing the administrative appeal. *See Tamara-Gomez*, 447 F.3d at 349; *Roy*, 389 F.3d at 138.  The petition for review is DENIED.